**UNITED STATES of America**

v.

**James Robert CASEY.**

**Crim. No. 89–00429–A.**

United States District Court,
E.D. Virginia,
Alexandria Division.

Sept. 30, 1991.

Michael Smythers, Asst. U.S. Atty., for the U.S.

J. Casey Forrester, Alexandria, Va., for James Robert Casey.

## MEMORANDUM OPINION

ELLIS, District Judge.

Before the Court is the question whether a single conspiracy count in an indictment can support multiple 18 U.S.C. § 924(c)(1) firearms counts. At issue is an indictment charging defendant with one count of conspiracy, two counts of distribution or possession of cocaine, one count of flight to avoid prosecution, and four separate § 924(c)(1) firearms counts, each related solely to the single conspiracy count. For the reasons expressed here, the Court holds that one count of conspiracy constitutes a single predicate offense; accordingly, because there must be a separate predicate offense for each § 924(c)(1) firearms violation charged, the conspiracy count

against defendant can support only one § 924(c)(1) charge.

## BACKGROUND

Defendant awaits trial for alleged drug trafficking activity and related offenses. He stands accused of conspiring with a number of individuals to possess and distribute cocaine within the Eastern District of Virginia from the spring of 1988 through December 1989. A grand jury indicted defendant in August 1991. The indictment charges the following: (1) one count of conspiracy to distribute "crack" cocaine in violation of 21 U.S.C. § 846 (Count 1); (2) two counts of distribution or possession with intent to distribute "crack" cocaine in violation of 21 U.S.C. § 841(a)(1) (Counts 2 and 5); (3) one count of unlawful flight to avoid prosecution in violation of 18 U.S.C. § 1073 (Count 8); and (4) four counts of firearms use with narcotics violations in contravention of 18 U.S.C. § 924(c)(1) (Counts 3, 4, 6, and 7).

Each of the four firearms counts alleges the willful and unlawful use and carrying of a different weapon. The guns charged in each count are: (1) a .380 caliber handgun that defendant allegedly furnished to a co-conspirator on July 23, 1989 (Count 3); (2) a 357 magnum handgun that defendant allegedly furnished to the same co-conspirator on July 24, 1989 (Count 4); (3) a Titan .25 caliber stainless steel 6 shot automatic pistol that defendant allegedly possessed on or about July 24, 1989 (Count 6); and (4) a Davis Industries .22 caliber magnum Derringer pistol that defendant also allegedly possessed on or about July 24, 1989 (Count 7). The four separate § 924(c)(1) counts each charge that the firearms were used

during and in relation to the single conspiracy count charged under 21 U.S.C. § 846 (Count 1). None of the § 924(c)(1) counts relates to any of the other offenses charged in the indictment.

Defendant has moved to dismiss Counts 4, 6, and 7 of the indictment, arguing that they are duplicative of Count 3 and that they violate the double jeopardy clause of the Fifth Amendment of the United States Constitution.

## ANALYSIS

18 U.S.C. § 924(c)(1) establishes an enhanced punishment for the use or possession of a firearm during or in relation to a violent or drug trafficking crime.[1] The punishment imposed is "in addition to the punishment provided for such crime of violence or drug trafficking crime." *Id. See also United States v. Luskin*, 926 F.2d 372, 378 (4th Cir.1991) (describing § 924(c)(1) as an "add-on" provision). The sentence enhancement consists of a consecutive sentence of five years of imprisonment for use of a handgun, ten years for use of a short-barreled rifle or shotgun, and thirty years for use of a machine gun.

Charges under § 924(c)(1) must be brought in connection with either a crime or violence or a drug trafficking offense. 18 U.S.C. § 924(c)(1). A defendant must have used or carried a firearm "during and in relation to" such a crime. *Id.* The statute is ambiguous on whether separate predicate offenses are required to support separate § 924(c)(1) violations. It does not expressly specify whether a defendant who uses or carries more than one firearm in connection with a single predicate offense

---

1. The full text of the pertinent portion of § 924(c)(1) reads:

Whoever, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years, and if the firearm is a short-barreled

rifle, short-barreled shotgun to imprisonment for ten years, and if the firearm is a machinegun, or a destructive device, or is equipped with a firearm silencer or firearm muffler, to imprisonment for thirty years. In the case of his second or subsequent conviction under this subsection, such person shall be sentenced to imprisonment for twenty years, and if the firearm is a machinegun, or a destructive device, or is equipped with a firearm silencer or firearm muffler, to life imprisonment without release.... 18 U.S.C. § 924(c)(1).

should receive more than one sentence enhancement. The legislative history is entirely silent on this point.

 Where a statute is ambiguous and the legislative history silent, the Court is properly governed by the principle of lenity. This construction maxim holds that penal statutes are "strictly construed against the Government or parties seeking to exact criminal penalties and in favor of the persons on whom such penalties are sought to be imposed." *United States v. Campbell,* 704 F.Supp. 661, 664 (E.D.Va. 1989) (quoting 3 *Sutherland Statutory Construction* § 59.03, at 6–7 (4th ed.1974)); *see also Bifulco v. United States,* 447 U.S. 381, 387, 100 S.Ct. 2247, 2252, 65 L.Ed.2d 205 (1980); *Rewis v. United States,* 401 U.S. 808, 812, 91 S.Ct. 1056, 1059, 28 L.Ed.2d 493 (1971). "[I]f Congress does not fix the punishment for a federal offense clearly and without ambiguity, doubt will be resolved against turning a single transaction into multiple offenses." *Bell v. United States,* 349 U.S. 81, 84, 75 S.Ct. 620, 622, 99 L.Ed. 905 (1955). *See also United States v. Chalan,* 812 F.2d 1302 (10th Cir.1987) (applying principle of lenity, citing *Bell* ); *United States v. Valentine,* 706 F.2d 282 (10th Cir.1983) (same).

 The Tenth Circuit decision in *Chalan* is especially instructive. There, the defendant was convicted of first degree murder, robbery, and two § 924(c)(1) counts of using a firearm in relation to a crime of violence. Applying the double jeopardy test set forth in *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), Judge Seymour held that the murder and robbery charges were one for purposes of double jeopardy, and thus the defendant could not be sentenced to consecutive terms of imprisonment for those two convictions. With respect to the § 924(c)(1) convictions, the defendant argued that Congress could not have intended to allow separate consecutive sentences for firearms offenses when double jeopardy barred separate consecutive sentences for the underlying offenses. The court, finding that the statute and legislative history were unclear on the issue, invoked the rule of lenity and vacated defendant's conviction and sentence on the second § 924(c)(1) charge. *Chalan,* 812 F.2d at 1312–17.[2] The same result should obtain here. Because Congress has not clearly stated how § 924(c)(1) should be applied in cases where multiple guns are allegedly used in connection with one predicate offense, the rule of lenity requires that the statute be construed in favor of defendant.

 While acknowledging that the legislative history is silent on the issue of punishment for multiple gun use, the government nevertheless insists that an intent to create multiple punishments is implicit in the statute. The government correctly contends that by enacting the statute Congress clearly expressed a "get tough on guns" policy. But broad, abstract policy statements are not a sufficient basis for construing a statute that imposes enhanced criminal penalties. More specific or focused policy objectives found in the legislative history are required. If Congress intends to permit multiple § 924(c)(1) enhancements to attach to a single predicate offense, it must clearly say so. Until such time, the rule of lenity allows the government to link only one § 924(c)(1) violation to each predicate offense charged. If multiple guns are used during and in relation to a single predicate offense, they may be incorporated into a single § 924(c)(1) count.[3]

---

**2.** That *Chalan* is a pre–1986 amendment case does not diminish its persuasive force here. Amendments in 1986 and after expanded the definition of predicate offenses, increased the severity of sentences, and added types of punishable guns; they did not alter the general structure of the statute and thus do not affect the application of the rule of lenity in this case.

**3.** This case does not present, and consequently this Court does not reach, the related question of the appropriate sentence enhancement for crimes in which the types of guns involved in a single predicate offense trigger different periods of incarceration under the statute. Worth noting, however, is that consistent with the result reached here, a defendant who, during and in relation to a single predicate offense, uses guns that result in different statutory lengths of incarceration can be charged in a single count with all guns used and, if convicted, can receive the highest sentence enhancement applicable to

Nor is this result at odds with Congress' strong anti-gun policy. One gun in the wrong hands can be just as deadly and dangerous as two. As a general rule, a criminal carrying ten guns poses only a marginally higher risk than a criminal carrying one gun. It would not reasonably further legislative policy to impose an additional mandatory minimum five-year consecutive sentence for each additional gun used in the commission of the same crime. Nothing in the legislative history supports this draconian result. In sum, it is the number of predicate offenses, not the number of guns, that determines whether separate and successive violations of § 924(c)(1) have occurred.

Although unresolved in this circuit, the result reached here is consistent with existing case law from other circuits. *See United States v. Smith*, 924 F.2d 889 (9th Cir. 1991); *United States v. Henning*, 906 F.2d 1392 (10th Cir.1990), *cert. denied*, — U.S. ——, 111 S.Ct. 789, 112 L.Ed.2d 852 (1991); *United States v. Moore*, 919 F.2d 1471 (10th Cir.1990); *United States v. Henry*, 878 F.2d 937 (6th Cir.1989); *United States v. Fontanilla*, 849 F.2d 1257 (9th Cir.1988); *United States v. Chalan*, 812 F.2d 1302 (10th Cir.1987); *see also United States v. Luskin*, 926 F.2d at 373 (dicta); *but see United States v. Freisinger*, 937 F.2d 383 (8th Cir.1991) (holding that multiple § 924(c)(1) convictions may attach to a single predicate offense, but applying the rule of lenity to reach the same practical result that multiple consecutive sentences may not be imposed). The Sixth Circuit first addressed the issue in *United States v. Henry*, 878 F.2d 937. There, the government charged defendant with two drug trafficking offenses and two firearm offenses. Each firearms count was related to both predicate offenses, so that each predicate offense supported two § 924(c)(1) counts. The defendant was convicted on both firearms counts. Rather than permitting multiple § 924(c)(1) enhancements, the court vacated one of the firearms convic-

tions. 878 F.2d at 943–945. Judge Guy noted that the government could have successfully charged defendant with two § 924(c)(1) counts if it had correctly worded the indictment so as to attach only one § 924(c)(1) count to each predicate offense. *Id.* at 945.

The Tenth Circuit reached a similar result in *United States v. Henning*, 906 F.2d 1392. In that case, the defendant was convicted of one drug trafficking offense and two § 924(c)(1) firearms offenses. Judge Brimmer held that "where a defendant has been convicted of a single drug trafficking offense and more than one firearm was involved, a single violation of § 924(c)(1) occurs and multiple consecutive sentences may not be stacked to account for each firearm seized." 906 F.2d at 1399. The Tenth Circuit reaffirmed this holding in *United States v. Moore*, 919 F.2d 1471 (1990), which held that a defendant convicted of only one underlying drug trafficking offense could not receive multiple consecutive sentences to account for each firearm involved.

More recently, the Ninth Circuit in *United States v. Smith* vacated one of defendant's two convictions under § 924(c)(1), because the same two underlying counts, conspiracy to distribute cocaine and possession with intent to distribute, served as the basis for both firearms charges. 924 F.2d at 894–95. Following existing precedent, the court expressly stated that "each 924(c)(1) count must be supported by a separate predicate offense." 924 F.2d at 894. *See also Fontanilla*, 849 F.2d at 1258–59.

The Fourth Circuit considered the issue of the number of predicate offenses required for separate violations of § 924(c)(1) in dicta in *Luskin*, 926 F.2d at 376–78. In that case, defendant was convicted of one count of conspiracy to murder his wife and three counts of attempted murder. In addition, he was convicted of three separate § 924(c)(1) counts. Each of the firearms counts related to a different attempt

---

the guns involved. *Cf. United States v. Henning*, 906 F.2d 1392 (10th Cir.1990), *cert. denied*, — U.S. ——, 111 S.Ct. 789, 112 L.Ed.2d 852 (1991) (defendant convicted of one underlying offense could not receive multiple consecutive sentences for § 924(c)(1) counts involving handguns, rifles, and a machine gun); *United States v. Moore*, 919 F.2d 1471 (10th Cir.1990) (same).

charge. Judge Cacheris, sitting by designation, concluded that separate violations of § 924(c)(1) occur whenever there are separate predicate offenses. The court noted that so long as the underlying crimes were not identical for double jeopardy purposes, separate predicate offenses existed and consecutive sentences under § 924(c)(1) were constitutionally permissible. Judge Cacheris found that Luskin was liable for three separate attempts on his wife's life and, accordingly, affirmed his three § 924(c)(1) convictions. Judge Cacheris cited the Sixth Circuit's decision in *Henry* with approval, indicating that the number of guns does not determine the number of chargeable offenses under § 924(c)(1). 926 F.2d at 378.

The Eighth Circuit in *United States v. Freisinger*, 937 F.2d 383, reached a different holding, but the same practical result. There, defendant was convicted of four § 924(c)(1) offenses in connection with a single predicate drug trafficking charge. Judge Hunter, finding the term "a firearm" unambiguous, held that multiple § 924(c)(1) convictions could attach to a single predicate offense. *Id.* at 390. In considering the appropriate sentence, however, he concluded that while Congress had authorized multiple convictions for the use or carrying of more than one firearm during a single drug trafficking offense, it had "not clearly provided for the imposition of a total sentence exceeding five years in such a case." *Id.* at 391. Based on this conclusion, the court held that "following the doctrine of lenity, we hold that the sentence imposed on multiple section 924(c)(1) convictions based on a single underlying offense cannot exceed five years." *Id.* at 392. Thus, the court followed a different analytical path to achieve the end reached here. Dicta in *Luskin* forecloses that analytical path. 926 F.2d at 378. In any event, the Court agrees with Judge Hunter's observation that "[i]f Congress has intended each firearm possessed in a single criminal transaction to serve as the basis for increasing the penalty, it could have explicitly provided for such a disposition." *Id.* at 391.

Given that each § 924(c)(1) count requires a separate predicate offense, the next issue for resolution is whether one count of conspiracy is a single predicate offense or whether it can serve as multiple predicate offenses for multiple § 924(c)(1) violations. Section 924(c)(1) describes the applicable predicate offenses as: "any crime of violence or drug trafficking crime ... for which he may be prosecuted in a court of the United States." While it may be comprised of numerous criminal acts, a conspiracy is defined by statute as a single crime. Thus, for purposes of § 924(c)(1), it constitutes a single predicate offense.

 This conclusion is consistent with the double jeopardy analysis described in *Luskin* and relied on by defendant. As Judge Cacheris observed there, the Double Jeopardy Clause protects against multiple prosecutions in one trial for the same offense. 926 F.2d at 377. Offenses are not identical for double jeopardy purposes if Congress intended to impose multiple punishments. *See Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 2091, 109 L.Ed.2d 548 (1990); *Luskin*, 926 F.2d at 377. Unless Congressional has made its intent apparent, "[t]he *Blockburger* test is the usual method of determining whether the legislature intended multiple punishments for the same episode of criminal conduct; as long as each crime 'requires proof of an additional fact that the other does not,' it is presumed that the legislature intended multiple punishments." *Luskin*, 926 F.2d at 377 (quoting *Blockburger*, 284 U.S. at 304, 52 S.Ct. at 182). Under *Blockburger*, courts must focus on the statutory elements of the crimes with which a defendant has been charged, not on the evidence offered or relied upon to secure a conviction. *See Grady*, 495 U.S. at ——, 110 S.Ct. at 2097 (Scalia, J., dissenting); *see also Chalan*, 812 F.2d at 1317 n. 10.

Separate predicate offenses for purposes of § 924(c)(1) exist if the offenses are not identical under this double jeopardy analysis. *See Luskin*, 926 F.2d at 377. In the case at bar, the government need only prove the statutory elements of the conspiracy contained in Count 1 of the indict-

ment once to obtain a conviction. The carrying and use of the various guns are pieces of evidence presumably to be offered and relied upon to secure the conspiracy conviction. Thus, it is readily apparent that only one predicate offense underlies the four § 924(c)(1) counts. This is not to suggest that the multitude of criminal acts or guns within a conspiracy escape punishment. In addition to a conspiracy, the government may charge a defendant with any or all of the underlying substantive criminal acts for which it has sufficient evidence, *United States v. Feola*, 420 U.S. 671, 95 S.Ct. 1255, 43 L.Ed.2d 541 (1975), and each of these substantive offenses may support a § 924(c)(1) charge.[4]

■ The purpose of § 924(c)(1) is to add a consecutive sentence for the use or carrying of firearms to the punishment imposed for an underlying predicate offense. Only one enhancement is permissible for each predicate offense. In this case, the government erred by stacking four separate § 924(c)(1) violations on a single conspiracy count. Defendant requests that the Court therefore dismiss three of the four firearms counts. With the trial set to begin shortly, however, arbitrary dismissal of three of the four firearms counts is not the appropriate remedy. Such a dismissal would deprive the government of its right to obtain one enhancement based on any one or all of the four guns allegedly used and carried during and in relation to the alleged conspiracy. Instead, because the government could have consolidated all four guns in one § 924(c)(1) count, the Court will construe the indictment as if the four guns had been charged in one count and will instruct the jury that if it finds beyond a reasonable doubt that defendant used or carried any one or more of the weapons during and in relation to the conspiracy charged in Count 1, it may return one § 924(c)(1) conviction. If defendant is convicted under § 924(c)(1), only one five

year sentence enhancement will be imposed.

An appropriate order will be entered.

---

4. The government argues that Congress could not have intended only one enhancement under § 924(c)(1) for a conspiracy that allegedly lasted over a year and during which several guns were allegedly used. § 924(c)(1), however, establishes no special rules for conspiracy. For the reasons already discussed here, if Congress intends to create distinct rules for conspiracy, it must amend the statute.