**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Paul LUSKIN, Defendant–Appellant.**

**No. 90–7273.**

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 2, 1990.

Decided Feb. 27, 1991.

As Amended March 11, 1991.

---

Michael S. Lieberman, DiMuro, Ginsburg & Lieberman, P.C., Alexandria, Va. and Benjamin F.L. Darden, Legal Associates of South Florida, Miami, Fla., argued, for defendant-appellant.

Gregg Lewis Bernstein, Asst. U.S. Atty., Baltimore, Md., argued (Breckinridge L. Willcox, U.S. Atty., Baltimore, Md., on brief), for plaintiff-appellee.

Before RUSSELL and MURNAGHAN, Circuit Judges, and CACHERIS, United States District Judge for the Eastern District of Virginia, sitting by designation.

CACHERIS, District Judge:

In 1989, this Court affirmed Paul Luskin's conviction on numerous charges relating to his attempt to have his estranged wife Marie Luskin killed. Shortly thereafter, Luskin was sentenced to a long prison term, and he has appealed this sentence. Among other things, Luskin has raised a question that has not been previously addressed by this circuit: when is it permissible to sentence a defendant to consecutive periods of imprisonment for separate convictions under 18 U.S.C. § 924(c)? That subsection prohibits the carrying or using of a firearm during a "crime of violence" or a "drug trafficking crime." As punishment, it provides for a fixed, mandatory and non-parolable term of imprisonment that must be served consecutive to any other sentence. Ultimately, we reject Luskin's argument that he was improperly given consecutive sentences under section 924(c), and we also reject his other claims of error regarding sentencing.[1]

## I.

Because the facts of this case were set forth in this Court's first opinion affirming the convictions, a sketch of the facts will suffice here. In early 1987, Luskin decided to arrange the murder of his wife Marie in order to avoid giving her a portion of his electronics empire as part of their divorce. To that end, he contacted his friend Joe Liberto and told him of his desire to have his wife killed. Acting on that desire, Joe Liberto contacted his brother Jimmy, who in turn hired Milton "Sonny" Cohen to commit the murder. Cohen made his first attempt on March 9, 1987. He shot Marie in the head, but fortunately she lived. Cohen and a confederate, James Manley, made further attempts on May 30, 1987, and July 27, 1987, and these were also unsuccessful. Shortly thereafter, Cohen and Manley were arrested, and Manley told all. His confession ultimately led to Luskin's conviction on numerous charges. These convictions were upheld by this Court. *United States v. Luskin*, 885 F.2d 867, (4th Cir.1989) [ (table) ]. Luskin petitioned for a writ of certiorari, and that petition was denied. *Luskin v. United States*, —— U.S. ——, 110 S.Ct. 1807, 108 L.Ed.2d 937 (1990).

The following is a list of Luskin's convictions and the sentence imposed pursuant to each count:

*Count I* Conspiring with the Liberto brothers and Cohen to kill Marie, to carry a firearm in relation to this crime of violence, and to carry an unregistered firearm. 18 U.S.C. § 371. The sentence was five years.

*Count II* Causing Cohen to travel in interstate commerce on March 9, 1987, with the intent to commit murder. 18 U.S.C. § 1952A. The sentence was ten years, to run consecutive to Count I.

*Count III* Causing Cohen to travel in interstate commerce on May 20, 1987, with the intent to commit murder. 18 U.S.C. § 1952A. The sentence was five years, to run concurrently to Count I and consecutively to Count II.

*Count IV* Causing Cohen to travel in interstate commerce on July 27, 1987, with the intent to commit murder. 18 U.S.C.

---

1. In addition to this appeal, in which Luskin has been represented by counsel, Luskin filed a notice of appeal pro se on September 26, 1990. This appeal is also directed toward Luskin's sentence, and it was docketed by the Clerk of the Court as case number 90–7387. We do not know why Luskin has filed an independent notice of appeal pro se, and Luskin has not stated any grounds for this separate appeal. Accordingly, we treat the present appeal by Luskin's counsel as Luskin's appeal of right in this case.

§ 1952A. The sentence was five years, to run concurrently to Count I and consecutively to Counts II and III.

*Count V* Causing the carrying of a firearm in interstate commerce in relation to a crime of violence on March 9, 1987. 18 U.S.C. § 924(c). The sentence was five years, to run consecutively to all other counts, with no parole.

*Count VI* Causing the carrying of a firearm in interstate commerce in relation to a crime of violence on May 30, 1987. 18 U.S.C. § 924(c). The sentence was five years, to run consecutively to all other counts, with no parole.

*Count VII* Causing the carrying of a firearm in interstate commerce in relation to a crime of violence on July 27, 1987. 18 U.S.C. § 924(c). The sentence was five years, to run consecutively to all other counts, with no parole.

The remaining counts were gun charges that are not material to this appeal. The sentence for these other charges was five years, to run concurrently with Counts I through IV. In total, Luskin received a sentence of 35 years, 15 of which were not subject to parole. He has appealed this sentence on three grounds.

## II.

Luskin first argues that his sentences pursuant to Counts V, VI and VII should have run concurrently to each other, not consecutively. These were Luskin's three convictions for causing Cohen to carry a firearm when Cohen travelled in interstate commerce with the intent to kill Marie, in violation of 18 U.S.C. § 924(c).[2] There were three section 924(c) counts (as well as three section 1952A counts) because there were three separate attempts on Marie's life. Among other things, section 924(c) requires the imposition of a non-parolable, mandatory minimum sentence that must run consecutively to all other sentences. Despite the language of section 924(c), Luskin contends that in his case concurrent sentences were required.

Luskin's argument runs like this: Congress did not intend to permit the sentencing of an individual to consecutive terms of imprisonment under section 924(c) when the offender, at base, has only committed one underlying "crime of violence." Admittedly, our law permits the prosecutor to

---

**2.** In pertinent part, the present version of 18 U.S.C. § 924(c) states:

(1) Whoever, during and in relation to any crime of violence or drug trafficking crime . . . for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years. . . . In the case of his second or subsequent conviction under this subsection, such person shall be sentenced to imprisonment for twenty years. . . . Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, nor shall the term of imprisonment imposed under this subsection run concurrently with any other term of imprisonment including that imposed for the crime of violence or drug trafficking crime in which the firearm was used or carried. No person sentenced under this subsection shall be eligible for parole during the term of imprisonment imposed herein.

\* \* \* \* \* \*

(3) For the purposes of this subsection the term "crime of violence" means an offense that is a felony and—

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Section 924(c)(1) was amended in 1988. Pub.L. 100–690, November 18, 1988, 102 Stat. 4359. The 1988 amendment raised the penalty for repeat violators of the statute to twenty years. In the version that was in effect at the time of the present crimes, the penalty for repeat violators was ten years. Arguably, the district judge should have sentenced appellant to one five-year and two ten-year consecutive terms of imprisonment for his convictions under Counts V through VII. However, since the United States has not counter-appealed on this point, we will not address it.

carve up criminal conduct into many counts so that technical problems with the evidence will not allow the true criminal to walk free. However, when it comes time to impose a sentence, prison terms under separate counts that punish the same episode of criminal conduct must run concurrently. In this case, Luskin was sentenced to three consecutive five-year terms for causing Cohen to carry a gun during each of his three attempts to kill Marie. However, Luskin only commissioned the murder scheme one time, and it was Cohen's decision to attempt murder on three occasions. Since Luskin only commissioned the murder attempt once, his section 924(c) gun charges must run concurrently. In sum, Luskin argues that one cannot receive consecutive section 924(c) sentences for one episode of criminal behavior, and that he only participated in one criminal episode—hiring someone to kill his wife.

## A.

■ We reject this argument. It misstates the law developed in other circuits regarding the imposition of consecutive sentences under section 924(c), and it also misstates the facts of this case.

First, Luskin's factual argument is untenable. At trial, it was proven that Luskin did more than commission the murder once and then wash his hands of the matter. For example, as this Court noted in its opinion upholding Luskin's convictions, Luskin offered a $25,000 bonus prior to the third attempt on Marie's life provided that the murder was completed on or before July 28, 1987. In addition, Luskin could have called off the killers and prevented the multiple attempts on Marie's life at any point in the chain of crime. Furthermore, as noted and discussed *infra*, this Court upheld Luskin's convictions on the three section 924(c) counts because he was liable for them as a coconspirator under the *Pinkerton* doctrine. Because of that holding, this Court does not need to find that Luskin played an active role in each of the three murder attempts. Yet, we do believe that the evidence of Luskin's ongoing involvement in this murder-for-hire scheme

was strong, and we reject Luskin's unsubstantiated factual contention to the contrary.

Second, Luskin's argument has been drawn from the case law of other circuits dealing with section 924(e), not section 924(c). Section 924(e) is a recidivism statute. It provides that if a person has been previously convicted of three or more "violent" felonies or "serious" drug offenses, and if that person is caught with a firearm that has ever been in interstate commerce (as prohibited by 18 U.S.C. § 922(g)), then the person shall receive a minimum mandatory prison term of fifteen years without parole and up to a $25,000 fine. The three requisite convictions must have been "committed on occasions different from one another." 18 U.S.C. § 924(e). The case law referred to by Luskin tackles the issue of when do convictions represent criminal acts that are "committed on occasions different from one another"? Most if not all of the circuits have interpreted this phrase to mean that the three prerequisite convictions must represent three " 'episodes' of felonious criminal activity that are distinct in time, rather than literal convictions." *United States v. Towne*, 870 F.2d 880, 889 (2d Cir.), *cert. denied*, 490 U.S. 1101, 109 S.Ct. 2456, 104 L.Ed.2d 1010 (1989) (the court in *Towne* cites cases from several other circuits for the same proposition).

In *Towne*, the defendant had been convicted twice of kidnapping and raping a woman. On both occasions, he had hitchhiked until he was picked up by a female driver, forced her at knifepoint to drive somewhere, and then raped her. In order to find the defendant liable under section 924(e), the trial court counted his rape convictions separately from his kidnapping convictions, so that he had four previous convictions for section 924(e) purposes. The *Towne* court reversed, holding that each rape and kidnapping should count as one criminal episode, and since the defendant had only two previous criminal episodes, he was not covered by section 924(e).

We express no opinion on the correct interpretation of section 924(e) or on the correctness of *Towne*, and we have com-

mented on it only for the purpose of distinguishing it. Unlike section 924(e), section 924(c) does not contain the phrase "committed on occasions different from one another," and thus we do not have a license to read that limitation into the language of section 924(c).

### B.

As the case law of other circuits demonstrates, there is no "episode" test under section 924(c) that is comparable to that limitation under section 924(e).

The starting point of our analysis is the language of the statute. The plain language of a statute controls where it is not ambiguous and not unconstitutional. *Touche Ross & Co. v. Redington*, 442 U.S. 560, 569, 99 S.Ct. 2479, 2485, 61 L.Ed.2d 82 (1979); *Lewis v. United States*, 445 U.S. 55, 61–62, 100 S.Ct. 915, 919, 63 L.Ed.2d 198 (1980) (applies this rule to the U.S.Code provision prohibiting the possession of a firearm by a felon, which is now 18 U.S.C. § 922(g)(1)). There is no ambiguity in section 924(c). It states that whenever a person commits a crime of violence or drug trafficking crime *and* uses or carries a gun, the person shall be sentenced to a prison term that runs consecutive to the person's sentence for the underlying crime of violence or drug trafficking crime and consecutive to all other sentences. Other circuits have agreed that there is no ambiguity in this subsection and that this is the only interpretation possible. *United States v. Nabors*, 901 F.2d 1351, 1358 (6th Cir.1990); *United States v. Fontanilla*, 849 F.2d 1257, 1258 (9th Cir.1988). In this case, there were three "crimes of violence," because Cohen made three attempts on Marie's life. On each occasion, Cohen carried a gun. As we held in the first appeal of this case, because Luskin was a coconspirator in the scheme that produced these acts, he is liable for each of the attempted murders and for each of the attendant section 924(c) charges. Accordingly, Luskin's three consecutive section 924(c) sentences must be upheld because they comport with the plain language of the statute.

Indeed, Luskin's argument that his section 924(c) sentences must run concurrently because he only started the ball rolling on these murder attempts is an attempt to evade the nature of this Court's ruling in his first appeal. At that time, Luskin argued that he could not be convicted of three section 924(c) charges because the government never proved that he knew that a firearm would be carried during each attempt on Marie's life. In rejecting this argument, this Court held that under the doctrine stated in *Pinkerton v. United States*, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946), "[a] conspirator may be liable for the overt acts of every other conspirator done in furtherance of the conspiracy." Slip op. at 17. [885 F.2d 867 (table)]. Thus, Luskin's argument in this appeal that he only committed one "crime of violence" for section 924(c) purposes ignores the basis on which his convictions under those counts were upheld; he is liable for those counts because he was a coconspirator. Indeed, this Court's previous determination that Luskin was liable for all three section 924(c) counts became the law of the case, and the Court will not reconsider that previous ruling at this time.

In essence, Luskin is asking this Court to legislate from the bench by adding this provision to section 924(c): "If a person is convicted on multiple section 924(c) counts merely because of his participation in a conspiracy, and if that person did not personally violate section 924(c), then each of that person's sentences pursuant to this section shall run concurrently to each other and consecutively to all other sentences." The statute does not contain words to this effect, and this Court does not have the power to make such an amendment.

### C.

As other circuits have noted, however, there is one important limitation on consecutive section 924(c) sentences that is not contained within the wording of that statute—the Constitution's prohibition against double jeopardy. Luskin's argument that he has been sentenced to multiple and consecutive terms of imprisonment for only

one crime sounds in double jeopardy. Because of this similarity, and given the prominent role that a double jeopardy analysis plays in section 924(c) sentences, we address the double jeopardy issue.

A double jeopardy problem can be lurking behind consecutive section 924(c) sentences due to the add-on nature of the statute. Every time someone commits a crime of violence while carrying a gun, an additional sentence for merely carrying the gun is tacked on to the sentence for the underlying "crime of violence." Quite often, for each count of the indictment that alleges a "crime of violence," there will be a related count charging a section 924(c) offense. The court must concern itself with whether the underlying crimes of violence supporting the section 924(c) charges are duplicative under a double jeopardy analysis. As long as the underlying crimes are not identical under the *Blockburger* analysis, then consecutive section 924(c) sentences are permissible.

The recent and significant holding in *Grady v. Corbin*, —— U.S. ——, 110 S.Ct. 2084, 2090, 109 L.Ed.2d 548 (1990), does not affect this section 924(c) inquiry. The Double Jeopardy Clause actually creates several protections. It protects against successive prosecutions for the same offense, and against multiple prosecutions in one trial for the same offense. In *Grady*, the Supreme Court held that *successive* prosecutions are barred when both prosecutions require proof of the same "conduct." Yet, in this case we are only concerned with multiple punishment protection. In that instance, "the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Grady*, 110 S.Ct. at 2091. The *Blockburger* test is the usual method of determining whether the legislature intended multiple punishments for the same episode of criminal conduct; as long as each crime "requires proof of an additional fact that the other does not," it is presumed that the legislature intended multiple punishments. *United States v. Blockburger*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). Notwithstanding, "[t]he *Blockburger* test is simply

a 'rule of statutory construction,' a guide to determining whether the legislature intended multiple punishments." *Grady*, 110 S.Ct. at 2091, *quoting Missouri v. Hunter*, 459 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed.2d 535 (1983). If it is otherwise evident that multiple punishments were intended, then there is no double jeopardy problem.

In this instance, without a doubt, there were three distinct attempts on Marie's life. Thus, the three section 1952A convictions did not violate the Double Jeopardy Clause. Each of these counts refers to different conduct that took place in different months; the first murder attempt occurred on March 9, 1987, the second attempt occurred on May 30, 1987, and the final attempt occurred on July 27, 1987. In fact, it is interesting to note that the defendant has *not* challenged what he would have to challenge in order to prevail—the consecutive sentences that he received for his three section 1952A convictions.

With one distinguishable exception, the other circuits that have considered this issue have held that only the Double Jeopardy Clause limits the availability of consecutive section 924(c) sentences. For example, in *United States v. Chalan*, 812 F.2d 1302 (10th Cir.1987), the defendant was convicted of armed robbery, of first degree murder, and of two section 924(c) counts (one for using a gun in the robbery and one for the murder). The armed robbery was a lesser included offense of the first degree murder charge, since the homicide became a first degree murder charge only because it was committed in the course of the robbery. The court held that because the robbery and murder charges were duplicative under a double jeopardy analysis, they were really one "offense." Since there was only one "offense," only one section 924(c) sentence was proper.

Other circuits also have taken this same position; insofar as the underlying crimes of violence are not repetitive under a double jeopardy analysis, consecutive section 924(c) sentences are permissible. *See Nabors*, 901 F.2d at 1357–59 (*Blockburger* applied and separate underlying crimes of

violence found); *Fontanilla*, 849 F.2d at 1258–59 (since murder and assault were not the same under *Blockburger* test, defendant could receive two consecutive § 924(c) sentences).

One case from the Sixth Circuit drives home the add-on nature of section 924(c). In *United States v. Henry*, 878 F.2d 937, 942–45 (6th Cir.1989), the government charged the defendant with two section 924(c) offenses based on the *exact same* drug trafficking crime *only* because the defendant carried *two* guns. The *Henry* court held that there must be a separate underlying crime for each section 924(c) charge; the number of *guns* is not the determining factor. The court noted that it was possible that the defendant could have been charged with two separate drug trafficking crimes, and in that instance, multiple section 924(c) sentences would have been permissible. Yet, the prosecution had misunderstood the working of section 924(c) and, accordingly, had failed to seek an appropriate indictment. 878 F.2d at 942–45.

Luskin heavily relies on *United States v. Torres*, 862 F.2d 1025 (3d Cir.1988); however, that case is an aberration. In that case, the defendant had been convicted on two section 924(c) crimes—one for using a firearm during a drug trafficking crime, and the second for using a firearm in assaulting a federal officer. The defendant was given consecutive sentences on these convictions. On appeal, the government *conceded* that only one firearm offense had taken place, and agreed that the sentences should run concurrently. The *Torres* court, without comment, honored this concession and ordered that the sentences on these two convictions run concurrently. We do not know why the government made this concession in *Torres*, for it was apparently unnecessary. There were two distinct predicate section 924(c) offenses: conspiracy to distribute cocaine and assaulting a federal officer. The section 924(c) offenses were not violative of the Double Jeopardy Clause because each required proof of a different predicate crime. The *Torres* court did not make any comment on the law of section 924(c) and, thus, it did not create any analysis to be followed. Indeed, given the government's concession, any comment would have been *dicta*. Since we can see no basis for the outcome in *Torres*, we decline to follow it. Accordingly, we affirm the sentencing of Luskin to three consecutive section 924(c) terms of imprisonment.

### D.

■ To avoid any confusion, we want to emphasize what our holding does *not* mean. This ruling does not bar the government from obtaining an indictment that charges an individual with a crime of violence (or drug trafficking crime) and a lesser included offense, and also obtaining a section 924(c) count for each of those predicate counts. Instead, it merely prohibits the imposition of consecutive sentences for the two section 924(c) counts, in the event that the defendant is convicted on both predicate offenses and gun counts. Under our judicial system, prosecutors are permitted to carve up criminal conduct into multiple counts, even if some of the counts are lesser included offenses or constitutionally identical offenses. There are two reasons for allowing the trial of an individual on repetitive counts. First, if it is uncertain that the jury will convict a defendant on a major count, the prosecutor is allowed to obtain, in the alternative, a sure-fire conviction on a lesser included offense. Second, this allowance helps to prevent minor problems of proof on one count from allowing a genuinely guilty person to escape liability for his criminal conduct. The Double Jeopardy Clause does not force the prosecutor to gamble on obtaining the major conviction. Instead, the defendant can be indicted on both counts, and, if convicted on both, the Double Jeopardy Clause operates to require that the sentences on the two counts run concurrently. The better practice in that instance would be for the trial judge to strike the conviction on the lesser included offense and the related section 924(c) conviction. *See Ball v. United States*, 470 U.S. 856, 865–66, 105 S.Ct. 1668, 1674, 84 L.Ed.2d 740 (1985).

## III.

■ Luskin also argues that his section 1952A offenses are not "crimes of violence" and, thus, cannot serve as the predicates for his section 924(c) sentences.[3] We reject this argument.

As a preliminary matter, Luskin should have raised this argument following his conviction, not his sentencing. In this instance, he is not arguing against the type of sentence that the district judge imposed; he is arguing that his convictions under section 924(c) are unsupportable. It is too late to make this argument now. Nonetheless, in order to remove any cloud from Luskin's conviction, we address this issue.

In support of his contention, Luskin notes that section 1952A does not penalize any violent criminal act; instead, it criminalizes the mere carrying of a firearm in interstate commerce with the intent to commit murder. This argument ignores the definition of a "crime of violence" under section 924(c):

> (3) For the purposes of this subsection the term "crime of violence" means an offense that is a felony and—
>
> (A) has as an element the use, attempted use, *or threatened use* of physical force against the person or property of another, or
>
> (b) that by its nature, involves a *substantial risk* that physical force against the person or property of another may be used in the course of committing the offense.

(Emphasis added.)

In the case at bar, Sonny Cohen violated section 1952A by travelling in interstate commerce three times with the intent to commit murder. This conduct certainly threatened the use of violence, and it posed a "substantial risk" to Marie Luskin. One

can hardly conceive of a more cold-blooded violent act than murder-for-hire, and it was proven that Luskin and Cohen engaged in exactly that enterprise. Thus, the district judge correctly held that the section 1952A convictions constituted crimes of violence for the purposes of section 924(c).

## IV.

■ Finally, Luskin argues that 18 U.S.C. § 924(c) and 18 U.S.C. § 1952A were not in effect at the time of the attempts on Marie's life, and that they did not come into effect until November 1, 1987. These sections were revised as part of the Comprehensive Crime Control Act of 1984 (the "Act"), which was enacted on October 12, 1984. Pub.L. No. 98–473, Tit. II, 98 Stat. 1976 (1984). This was a elephantine bill, encompassing many chapters. Chapter II of the Act contained the Sentencing Guidelines, and section 235(a)(1) of Chapter II stated that "this chapter shall take effect" on November 1, 1986. Enactment of the Sentencing Guidelines was delayed until November 1, 1987. Luskin argues that this effective date applied to all of the chapters of the Act, including the amendments to sections 924(c) and 1952A, which were contained in Chapter X of the Act.

Every court that has considered this argument has rejected it. *See United States v. Robinson*, 865 F.2d 171, 172 (8th Cir. 1989) (holding that section 924(c) came into effect on October 12, 1984, the date of enactment); *United States v. York*, 830 F.2d 885, 892 (8th Cir.1987), *cert. denied*, 484 U.S. 1074, 108 S.Ct. 1047, 98 L.Ed.2d 1010 (1988) (same holding); *United States v. Meyers*, 847 F.2d 1408, 1414–16 (9th Cir. 1988) (effective date of another chapter was not delayed by effective date of the Sentencing Guidelines). We agree with

---

**3.** Section 1952A was later redesignated without change as 18 U.S.C. § 1958. Pub.L. 100–690, November 18, 1988, 102 Stat. 4402. Section 1958 currently states, in pertinent part:

> (a) Whoever travels in or causes another ... to travel in interstate or foreign commerce ... with intent that a murder be committed in violation of the laws of any State or the United States as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value, shall be fined not more than $10,000 or imprisoned for not more than ten years, or both; and if personal injury results, shall be fined not more than $20,000 and imprisoned for not more than twenty years, or both; and if death results, shall be subject to imprisonment for any term of years or for life, or shall be fined not more than $50,000, or both.

these other circuits that the revisions to section 924(c) became effective when they were enacted since no other effective date was specified for Chapter X.

Accordingly, the sentences imposed upon appellant Luskin are

AFFIRMED.