**UNITED STATES of America**

v.

**Evaristo CARBONELL–IZNAGA, Defendant.**

No. 87 Cr. 0518 (RWS).

United States District Court, S.D. New York.

Feb. 3, 1992.

Otto G. Obermaier, U.S. Atty., S.D.N.Y., New York City, for U.S.; Robert J. Cleary, Asst. U.S. Atty., of counsel.

Evaristo Carbonell–Iznaga, pro se.

## OPINION

SWEET, District Judge.

Evaristo Carbonell–Iznaga ("Carbonell–Iznaga") was convicted of three counts of possessing narcotics with an intent to distribute and three counts of unlawfully using a firearm during the commission of a drug trafficking crime on August 7, 1987. He was sentenced to five years of imprisonment for each of the narcotics counts, to be served concurrently, and five years of imprisonment for each of the firearms counts, to be served consecutively, for a total of twenty years of imprisonment.

Carbonell–Iznaga has now moved *pro se* for a reduction of his sentence. He contends that, among other things, his sentence is disparate in comparison to those of his co-defendants; that there are mitigating circumstances warranting a reduction in his sentence; and that the sentence imposed for the firearms convictions is illegal.

■ The first two contentions are without merit. The statutes under which Carbonell–Iznaga was convicted require the imposition of mandatory minimum sentences. *See* 18 U.S.C. § 924(c) (1982 Supp. V); 21 U.S.C. § 841(b)(1) (1982 Supp. III). Even if the sentences are disparate, the terms imposed were mandated by Congress, depriving this Court of the power to reduce the sentence for this reason.

The argument based upon mitigating circumstances is primarily an attack on the evidence adduced at trial and the conclusions that may be drawn from it. As such, it is not a proper argument for reducing the sentence.

■ Carbonell–Iznaga does, however, validly point out an illegality in the computation of his sentence for the firearms counts. Carbonell–Iznaga was convicted of three separate violations of the firearms statute. At his trial, it was shown that two of the guns were found in one apartment, while the third was found elsewhere.

18 U.S.C. 924(c) makes it a crime to "use[ ] or carr[y] a firearm" during or in relation to a drug trafficking crime. A violation of the statute carries a minimum five year term of imprisonment that is to run consecutively to the underlying crime.

Carbonell–Iznaga argues, and the Government agrees, that the sentences for the two guns found in the one apartment should be merged into a single sentence because the predicate act upon which they are based was a single episodic event. Although this appears to be a question of first impression in the Second Circuit, the majority of those courts that have faced the question have adopted this position. *See, e.g., United States v. Freisinger,* 937 F.2d 383, 390–92 (8th Cir.1991); *United States v. Luskin,* 926 F.2d 372, 378 (4th Cir.1991); *United States v. Henning,* 906 F.2d 1392, 1398–99 (10th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 789, 112 L.Ed.2d 852 (1991); *United States v. Henry,* 878 F.2d 937, 942–44 (6th Cir.1989).

In light of this authority and the positions of both the Government and Carbonell–Iznaga, it is apparent the sentence that was imposed on Carbonell–Iznaga is illegal. The sentences for the two firearms offenses based on the two guns found in the same apartment should run concurrently, not consecutively. Therefore, pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure as applicable to offenses committed prior to November 1, 1987, Carbonell–Iznaga's sentence is reduced from twenty years of imprisonment to fifteen years of imprisonment.

Carbonell–Iznaga also raises a number of other issues in the documents he has submitted. The Court has considered these contentions fully and can find no other basis for relief.

## CONCLUSION

For the reasons set forth above, Carbonell–Iznaga's sentence is reduced from twenty years of imprisonment to fifteen years of imprisonment pursuant to Rule

35(a) of the Federal Rules of Criminal Procedure.

It is so ordered.