978 F.2d 1261
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Carl LEIBOWITZ, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-3567.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 21, 1992.*
Decided Oct. 23, 1992.
 
 Before BAUER, Chief Judge, CUMMINGS, Circuit Judge, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 In 1986, Carl Leibowitz contracted to have his business partner murdered. Despite several attempts, the scheme failed, and in 1987, Leibowitz was convicted of several counts of using facilities in interstate commerce with intent to cause another to commit murder. 18 U.S.C. § 1952A.[1] After failing to obtain relief on direct appeal, see United States v. Leibowitz, 857 F.2d 373 (7th Cir.1988), cert. denied, 489 U.S. 1088 (1989), Leibowitz filed a motion under 28 U.S.C. § 2255 to vacate those convictions. The district court denied Leibowitz's motion. On appeal, Leibowitz makes two related arguments: (1) that 18 U.S.C. § 1952A was not in effect at the time that he committed the acts that formed the basis for the convictions thereunder, and (2) that the failure of § 1952A to specify an effective date renders it unconstitutionally vague.
 
 
 2
 Initially, we address the government's procedural default argument. The government argues briefly that since Leibowitz failed to present his arguments on direct appeal, he is procedurally barred from raising them in a § 2255 motion. We reject this argument because the government waived it before the district court. In its response to Leibowitz's § 2255 motion, the government conceded that the procedural default rule does not apply where, as in Leibowitz's case, the movant attacks the jurisdiction of the court. R.Doc. 9 at 2 n. 1. This concession is sufficient to waive the defense of procedural default. Pierce v. United States, 976 F.2d 369, 370 n. 2 (7th Cir.1992) (per curiam). We therefore turn to the merits.
 
 I.
 
 3
 The parties agree that 18 U.S.C. § 1952A fails to specify an effective date; they strongly disagree on the consequences. Leibowitz argues that this failure creates an ambiguity in the statute that, according to the rule of lenity, must be construed in his favor. This means, according to Leibowitz, that § 1952A must be construed to become effective at the latest possible date, which he suggests is November 1, 1987--the date that the Sentencing Guidelines became effective. Reply Br. 10. What do the Sentencing Guidelines have to do with § 1952A? Both were enacted by Congress on October 12, 1984, as part of the Comprehensive Crime Control Act of 1984, P.L. 98-473, 98 Stat.1976 (1984) ["CCCA"].
 
 
 4
 The government responds by identifying a general rule of statutory construction relating to a statute's effective date:
 
 
 5
 "It is well established that, absent a clear direction by Congress to the contrary, a law takes effect on the date of its enactment."
 
 
 6
 Gov't Br. 7 (quoting Gozlon-Peretz v. United States, 111 S.Ct. 840, 846 (1991)). Since Congress gave no clear direction to the contrary, and since § 1952A was enacted on October 12, 1984, the government argues that § 1952A should become effective on that date.
 
 
 7
 We agree that § 1952A became effective on the date of its enactment, i.e., October 12, 1984. Leibowitz provides no persuasive reason for abandoning the rule enunciated in Gozlon-Peretz. To the contrary, our reading of the cases suggests that that rule is indeed applicable in this case.
 
 
 8
 In United States v. Chapman, 954 F.2d 1352 (7th Cir.1992), a case neither party discusses, we considered an argument analogous to that which Leibowitz makes here. In Chapman, the defendant was convicted under 18 U.S.C. § 924(c) (use of a firearm during and in relation to a crime of violence) resulting from two armed bank robberies committed in early 1987. Section 924(c) was amended as part of the CCCA in 1984, but Chapman argued that because § 924(c) was enacted along with the Sentencing Guidelines, it had the same effective date, November 1, 1987. Id. at 1363. In rejecting this argument, we noted that § 924(c) was enacted as part of Chapter X of the CCCA. We concluded that since Chapter X had no express effective date, it (and hence § 924(c)) became effective when enacted on October 12, 1984. Id; accord United States v. Luskin, 926 F.2d 372, 379-80 (4th Cir.), cert. denied, 112 S.Ct. 68 (1991).
 
 
 9
 Although Chapman deals with § 924(c) and not § 1952A, it is instructive because it establishes that Chapter X of the CCCA had an effective date of October 12, 1984. And that is important because § 1952A, like § 924(c), was enacted as part of Chapter X. See 98 Stat. 2136. Thus, § 1952A also had an effective date of October 12, 1984. Accord Luskin, 926 F.2d at 379-80.[2]
 
 II.
 
 10
 Leibowitz next argues that the failure of § 1952A to specify an effective date rendered it impermissibly vague (at least with respect to when it takes effect) under the ex post facto clause. The government responds that the required notice is provided by the general rule of statutory interpretation concerning the effective dates of statutes as indicated in Gozlon-Peretz.
 
 
 11
 The Supreme Court has identified what constitutes an ex post facto violation as follows:
 
 
 12
 [T]wo critical elements must be present for a criminal or penal law to be ex post facto : it must be retrospective, that is, it must apply to events before its enactment, and it must disadvantage the offender affected by it.
 
 
 13
 Weaver v. Graham, 450 U.S. 24, 29 (1981) (footnotes omitted). Our conclusion above that § 1952A was enacted (and effective) on October 12, 1984 dooms Leibowitz's ex post facto claim. Section 1952A was not applied in this case to "events before its enactment" because Leibowitz contracted to have his partner killed in 1986, well after the enactment and effective date of § 1952A.
 
 
 14
 Leibowitz argues that he did not have notice that his acts violated federal law because § 1952A contained no explicit effective date. We agree with the government's response that the general rule, as stated in Gozlon-Peretz, that Congress intends its legislation to take effect on enactment unless otherwise indicated, provides the notice required by the Constitution.
 
 
 15
 The cases cited by Leibowitz fail to persuade us otherwise. Leibowitz relies principally on Gentile v. State Bar of Nevada, 111 S.Ct. 2720 (1991). There the Supreme Court found that a Nevada Supreme Court Rule governing an attorney's ability to comment on a pending adjudicative proceeding was invalid because its terms failed to provide fair notice as to what was and was not permissible comment. Id. at 2731. Although Gentile involved a vagueness challenge, it did not involve a challenge based on the absence of an effective date for the statute. Since that is the precise issue in this appeal, Gentile is not instructive here. The same problem afflicts the other cases that Leibowitz cites on this issue, namely, Kolender v. Lawson, 461 U.S. 352 (1983), United States v. Batchelder, 442 U.S. 114 (1979), and United States v. Harriss, 347 U.S. 612 (1954).
 
 III.
 
 16
 For the foregoing reasons, the district court's denial of Leibowitz's § 2255 motion is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 Section 1952A has subsequently been redesignated 18 U.S.C. § 1958(a). See Act of November 18, 1988, P.L. 100-690, Tit. VII, Subtitle B, § 7053(a), 102 Stat. 4402. For this appeal, we will follow the parties' lead in continuing to refer to the old statutory designation
 
 
 [2]
 In so concluding, we do not offend Mohasco Corp. v. Silver, 447 U.S. 807 (1980), as Leibowitz argues. The issue in Mohasco involved the appropriate time limitation for filing an unfair employment practice charge under Title VII of the Civil Rights Act of 1964. No question was presented regarding the effective date of that (or any other) statute