991 F.2d 792
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Nelson LEGRAND, Defendant-Appellant.
 No. 92-5012.
 United States Court of Appeals,
Fourth Circuit.
 Argued: March 4, 1993
Decided: April 20, 1993
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Norwood Carlton Tilley, Jr., District Judge. (CR-90-289-G)
 Susan Hayes, for Appellant.
 David Bernard Smith, Assistant United States Attorney/Senior Litigation Counsel, for Appellee.
 Barry S. Stanback, STANBACK & STANBACK ATTORNEYS, P.A., for Appellant.
 Robert H. Edmunds, Jr., United States Attorney, for Appellee.
 M.D.N.C.
 AFFIRMED.
 Before HALL, Circuit Judge, BUTZNER, Senior Circuit Judge, and POTTER, United States District Judge for the Western District of North Carolina, sitting by designation.
 BUTZNER, Senior Circuit Judge:
 
 OPINION
 
 1
 A jury convicted James Nelson LeGrand (James) of four counts of aiding and abetting his brother, Willie LeGrand (Willie) in armed bank robbery in violation of 18 U.S.C. §§ 2 (aiding and abetting), 924(c)(1) (use of a firearm in connection with a crime of violence), and 2113(d) (armed bank robbery). James moved for acquittal under Fed. R. Crim. P. 29 on two of the counts, arguing that the evidence produced at trial was not sufficient to prove that he either knew or should have known that a firearm was to be used in the robbery. The district court denied the motion and entered final judgment on the verdict. James timely appealed. We affirm.
 
 
 2
 * James's convictions stem from two separate bank robberies in Greensboro, North Carolina, in which he drove the getaway car. On appeal, he challenges only his convictions for violations involving a gun in connection with the robbery of the First American Savings Bank.
 
 
 3
 On December 7, 1990, a man subsequently identified as Willie, armed with a revolver, entered the First American Savings Bank, handed a teller a note stating that "[t]his is a holdup," and demanded money. After leaving the bank with $1,842, the robber entered the passenger side of a waiting white Cadillac with a blue top. The driver pulled away, but soon a police officer, alerted to the robbery, began following the car. After observing the passenger's agitated motions, the officer pulled the car over and ordered the driver to get out. The officer identified James as the driver.
 
 
 4
 A backup police officer ordered the passenger, Willie, out of the car. A patdown search revealed that he was wearing two pairs of pants; inside the second pair was a pistol. He also had $1,642 inside his underwear and $160 in his cap.
 
 
 5
 After his arrest, James denied any knowledge of his brother's plan to rob the bank, although he admitted that he and Willie had spent the afternoon together. James told police that he and Willie had gone to a convenience store, Willie left, and upon his return they continued on their way until pulled over by the police. Willie corroborated this story at trial. However, other witnesses contradicted this account, stating that the waiting Cadillac was parked behind the bank, not at the store.
 
 II
 
 6
 We review challenges to the sufficiency of evidence in the light most favorable to the government, asking whether"any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979); see also Glasser v. United States, 315 U.S. 60, 80 (1942).
 
 
 7
 In order to be convicted of aiding and abetting, the defendant must knowingly associate with a criminal and participate in an unlawful undertaking. United States v. Winstead, 708 F.2d 925, 927 (4th Cir. 1983). To aid and abet armed robbery, the government must prove that the accused knew or reasonably should have foreseen that his confederate would use a dangerous weapon. United States v. McCaskill, 676 F.2d 995, 998 (4th Cir. 1982).
 
 
 8
 In this case the evidence concerning whether James knew or should have known that his brother would use a gun to rob the First American Savings Bank was sufficient for a jury to conclude that James willingly and knowingly aided and abetted his brother in the armed robbery. James suggests that his participation in an earlier robbery when his brother did not use a gun supports his argument that he did not expect his brother to use a gun in the First American robbery. This evidence, however, cuts both ways. Because Willie fled after confrontation with the bank manager during the earlier robbery, it is reasonable for a jury to accept the prosecution's contention that the LeGrand brothers decided that a gun would be needed in future robberies.
 
 
 9
 James points to United States v. Jones, 592 F.2d 1038 (9th Cir. 1979), as grounds for his contention that without direct evidence of knowledge that Willie was armed, James cannot be convicted of aiding and abetting Willie in armed robbery. James misapprehends the standard in Jones. The Ninth Circuit held that "the prosecution did not present either direct or circumstantial evidence reasonably showing that Jones had the requisite knowledge and intent." Jones, 592 F.2d at 1042.
 
 
 10
 Upon examination of all the circumstances of the crime, a jury could reasonably conclude that James knew or could have been expected to know that Willie would use a gun when robbing the First American Savings Bank. Such a conclusion is sufficient to support a guilty verdict under 18 U.S.C. § 2 and § 2113(d). See United States v. Grubczak, 793 F.2d 458, 464 (2d Cir. 1986).
 
 III
 
 11
 James also challenges his conviction for aiding and abetting the use of a firearm in a crime of violence under 18 U.S.C.s 924(c)(1).
 
 
 12
 A person convicted of using a firearm in a crime of violence may be punished both for the underlying crime and for the § 924(c) charge. United States v. Luskin, 926 F.2d 372, 375-78 (4th Cir. 1991). Title 18 U.S.C. § 2 provides that an aider and abettor is punishable as a principal. Since James aided and abetted Willie in the armed bank robbery, he, like Willie, is punishable for Willie's use of a firearm. See United States v. Simpson, 979 F.2d 1282, 1285 (8th Cir. 1992).
 
 AFFIRMED