19 F.3d 1431
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Leroy Angloson STUART, a/k/a John, Defendant-Appellant.
 No. 93-5465.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 24, 1994.
Decided March 18, 1994.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, District Judge. (CR-92-114-5)
 Douglas P. Connor, Mount Olive, North Carolina, for appellant.
 James R. Dedrick, United States Attorney, David P. Folmar, Jr., Assistant United States Attorney, Raleigh, North Carolina, for appellees.
 E.D.N.C.
 AFFIRMED.
 Before HALL, PHILLIPS, and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Leroy Angloson Stuart* and three co-conspirators, including Vaughn Curtis, Marlo Poole, and Clarence Middlebrooks, were charged in a three-count indictment in the Eastern District of North Carolina with conspiring to rob a federally insured bank in violation of 18 U.S.C.A. Secs. 371 (West 1966) and 2113 (West 1984 & Supp.1993) (Count I); with actually robbing a bank and placing someone's life in jeopardy in the process in violation of 18 U.S.C.A. Secs. 2 (West 1969), 2113(a), and 2113(d); and with using firearms during the commission of a crime of violence in violation of 18 U.S.C. Secs. 2 and 924(c) (West Supp.1993). Curtis and Stuart were tried together before a jury and found guilty as charged in February 1993. Stuart now appeals, asserting that the evidence presented at trial was insufficient to support his conviction and that application of the enhanced sentencing provisions of Sec. 924(c)(1) violated the Double Jeopardy Clause. We disagree and affirm.
 
 I.
 
 2
 According to the trial testimony of bank tellers and other eyewitnesses to the crime, Stuart, Curtis, and Poole entered the First Citizens Bank and Trust Company of Goldsboro, North Carolina, on August 18, 1992, and brandishing weapons, announced that they were holding up the bank. A bank teller had seen the trio approaching, however, and activated the bank's surveillance camera by pressing a button under her desk; she kept her hand on that button as Curtis came to her teller window and held a gun to her head. Photographs taken by the surveillance camera were admitted into evidence, and friends of both Curtis and Stuart identified them as the persons who appeared in the surveillance camera photographs. Curtis and Stuart were also identified at trial by two eyewitnesses who saw them run from the bank and enter a waiting Toyota Corolla driven by Middlebrooks immediately after the robbery. Finally, Poole and Middlebrooks, who were tried separately, testified for the government and identified Stuart and Curtis as their co-conspirators, recounting the robbery in detail.
 
 
 3
 The presentence report revealed that Stuart had pled guilty on September 16, 1992, to a second armed bank robbery and use of a firearm during a crime of violence in the Middle District of North Carolina. He had not yet been sentenced for that crime. Because of this prior conviction, Stuart's sentence on Count III was enhanced as provided by 18 U.S.C. Sec. 924(c). Stuart was sentenced to 60 months imprisonment on Count I, 262 months on Count II, to run concurrently with Count I, and 20 years on Count III, to run consecutive to the sentences imposed on Counts I and II. The court also imposed a five-year term of supervised release, restitution in the amount of $10,774, the payment of a $20,500 fine, and a special assessment of $150. This timely appeal followed.
 
 II.
 
 4
 Stuart first asserts that the evidence used to convict him, although admittedly "overwhelming," should be received for "plain error" under Fed.R.Crim.P. 52(b). He provides no explanation for the unusual assertion. The "plain error" standard of Rule 52(b) is not applicable here. In order for this Court to exercise its appellate authority under Rule 52(b), there must in fact be an error which is "plain" in the sense of "clear" or "obvious." See United States v. Olano, 61 U.S.L.W. 4421, 4423-24 (U.S.1993). By failing to identify any error in lower court proceedings, Stuart has failed altogether to establish a basis for this Court's exercise of its appellate authority under Rule 52(b). The appropriate standard is whether there was sufficient evidence to justify the jury's finding of guilt beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 312-16 (1979). As Stuart concedes, the evidence was overwhelming.
 
 III.
 
 5
 Stuart also challenges the enhancement aspect ofSec. 924(c)(1) on double jeopardy grounds. Section 924(c)(1) provides a five-year term of imprisonment for using or carrying a firearm during the course of committing any crime of violence or drug trafficking crime, and provides a twenty-year term of imprisonment for a second or subsequent conviction. The twenty-year term applies to any qualifying prior conviction; a final judgment and sentence on that prior conviction is not required. Deal v. United States, 61 U.S.L.W. 4474, 4475 (U.S.1993); United States v. Raynor, 939 F.2d 191, 193 (4th Cir.1991). As long as the underlying crimes are separate for double jeopardy purposes, there is no jeopardy bar to the addition of aSec. 924(c) conviction for each crime of violence committed. United States v. Luskin, 926 F.2d 372, 376-77 (4th Cir.), cert. denied, 60 U.S.L.W. 3258 (U.S.1991). In this case, the second conviction was unrelated and was obtained in the Middle District of North Carolina.
 
 
 6
 Finding no merit to Stuart's contentions, we affirm the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 A.k.a. "Leroy Angloson Stewart," or "John."