**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 96-4972

SCOTTY DEWAYNE SANDERS,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Rock Hill.
Matthew J. Perry, Jr., Senior District Judge.
(CR-95-837)

Submitted: September 11, 1997

Decided: September 23, 1997

Before RUSSELL, MURNAGHAN, and HAMILTON,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Allen B. Burnside, Assistant Federal Public Defender, Columbia,
South Carolina, for Appellant. J. Rene Josey, United States Attorney,
Marshall Prince, Assistant United States Attorney, Columbia, South
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Scotty Dewayne Sanders challenges his conviction and sentence, on a guilty plea, for aiding and abetting the use of a firearm in a crime of violence under 18 U.S.C. §§ 924(c)(1), 2 (1994). While Sanders admits that he aided and abetted in the robbery in which his co-defendant used and carried a firearm, he challenges on appeal the sufficiency of the factual basis to support the district court's acceptance of his guilty plea as to his aiding and abetting the use of the firearm. Specifically, Sanders admits to helping to plan the robbery, accompanying his co-defendants to pick up a shotgun that Sanders knew would be used in the robbery, accompanying the co-defendants to the scene of the robbery, making sure the laundromat was clear for the robbery to take place, fleeing the scene with the co-defendants, and joining in the split of proceeds from the robbery. However, he claims that because he did not personally use or carry the firearm, and did not direct or counsel his co-defendant, the stipulated leader of the crime, to use the firearm in the robbery, the government has not presented a sufficient factual basis to support his guilty plea as to the use of the firearm. He asserts that the Supreme Court's decision in Bailey v. United States, ___ U.S. ___, 64 U.S.L.W. 4039 (U.S. Dec. 6, 1995) (No. 94-7448), was intended to limit convictions under § 924(c) to those defendants actually using or carrying firearms. For the reasons set forth below, we reject Sanders's claims and affirm his conviction and sentence.

To be convicted of aiding and abetting, the government must show that a defendant knowingly associated with a criminal and participated in an unlawful undertaking. United States v. Winstead, 708 F.2d 925, 927 (4th Cir. 1983). Also, a person convicted of using a firearm in a crime of violence may be punished both for the underlying crime and for the § 924(c) charge. United States v. Luskin, 926 F.2d 372, 375-78 (4th Cir. 1991). Title 18 U.S.C. § 2 provides that an aider and abettor is punishable as a principal.

2

There is no dispute that the conduct of Sanders's co-defendant clearly constituted "use or carry" of a firearm during and in relation to a crime of violence, in violation of § 924(c), and as that term has been defined by this court and under Bailey. Given the facts of this case, we find that it was reasonably foreseeable that Sanders's co-defendant would use the gun in the commission of the robbery. The co-defendant's actions were properly attributed to Sanders under the theory set forth in Pinkerton v. United States , 328 U.S. 640 (1946). Since Sanders aided and abetted his co-defendant in the robbery, he, like his co-defendant, is punishable for the co-defendant's use of the firearm. See United States v. Simpson, 979 F.2d 1282, 1285 (8th Cir. 1992).

Accordingly, we affirm the district court's acceptance of Sanders's guilty plea, and affirm Sanders's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

3