UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 99-4441

REGGIE DELOACH, a/k/a Intell
Abrams,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CR-98-323)

Submitted: January 31, 2000

Decided: March 14, 2000

Before WILLIAMS and MOTZ, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert J. Wagner, WAGNER & WAGNER, Richmond, Virginia, for
Appellant. Helen F. Fahey, United States Attorney, Stephen W. Mil-
ler, Assistant United States Attorney, Richmond, Virginia, for Appel-
lee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Reggie DeLoach, a/k/a Intell Abrams, appeals from his convictions for possession with intent to distribute cocaine in violation of 21 U.S.C.A. § 841(a)(1) (West 1999), carrying a firearm during a drug trafficking crime in violation of 18 U.S.C.A. § 924(c) (West Supp. 1999), and possession of a firearm by a convicted felon in violation of 18 U.S.C.A. § 922(g)(1) (West Supp. 1999). After a careful review of the record, we affirm.

DeLoach first contends that his prosecution under Project Exile* violated the equal protection component of the Fifth Amendment's Due Process Clause because the project affects the racial composition of prospective juries. In addition, DeLoach claims that the Government selectively prosecuted him, because the vast majority of defendants in Project Exile cases are of his same race. DeLoach argues that Project Exile unconstitutionally diluted the number of prospective African-American jurors available for selection to his jury because the proportion of African-Americans on federal juries is significantly less than that of juries in the City of Richmond. While DeLoach has "the right to be tried by a jury whose members are selected pursuant to nondiscriminatory criteria," Batson v. Kentucky, 476 U.S. 79, 85-86 (1986), he does not have a right to a jury of any particular racial composition, see Taylor v. Louisiana, 419 U.S. 522, 538 (1975). DeLoach proffers no evidence that his jury or federal juries in the Eastern District of Virginia in general are selected in a discriminatory manner. Hence, we find no constitutional infirmity in the selection of DeLoach's jury.

_____

*Project Exile is a federal program initiated in Richmond, Virginia where the United States Attorney's office actively prosecutes federal firearm violations that have been diverted to it by state prosecutors. See United States v. Nathan, No. 98-4750, 2000 WL 37747, at *1-3 (4th Cir. Jan. 19, 2000) (rejecting federalism challenge to Project Exile).

We also find DeLoach's selective prosecution argument unpersuasive. In order to prove both discriminatory effect and purpose in a selective prosecution claim, DeLoach must show that similarly situated individuals of a different race were not prosecuted and that the decision to prosecute him was based upon an invidious purpose or in bad faith. See United States v. Olvis, 97 F.3d 739, 743 (4th Cir. 1996). DeLoach satisfies neither element, as he has never alleged that persons of other races have been treated differently, and statistical evidence of disparate impact cannot, alone, demonstrate invidious purpose. See id. at 746 (citing McCleskey v. Kemp, 481 U.S. 279, 297 (1987)).

DeLoach next argues that the district court erred by denying his pretrial motion requiring the Government to elect between certain multiplicitous counts. DeLoach argues that, even though the multiplicitous counts were dismissed at sentencing, he was harmed by the improper suggestion to the jury that he had committed seven crimes. The decision whether to require the prosecution to elect between multiplicitous counts before trial rests within the discretion of the trial court. See United States v. Johnson, 130 F.3d 1420, 1426 (10th Cir. 1997).

We find that the district court did not abuse its discretion in denying DeLoach's pretrial motion. The judicial system allows the Government "to carve up criminal conduct into multiple counts, even if some of the counts are lesser included offenses or constitutionally identical offenses." United States v. Luskin , 926 F.2d 372, 378 (4th Cir. 1991). Moreover, the multiplicity problem in this case was remedied when the court dismissed the multiplicitous counts at sentencing. See United States v. Burns, 990 F.2d 1426, 1438 (4th Cir. 1993) (holding that in context of post-conviction challenges to an indictment on multiplicity grounds, appropriate remedy is to vacate only offending convictions); Luskin, 926 F.2d at 378 (stating that when the jury reaches a guilty verdict on more than one of the multiple counts, the proper remedy is to strike the multiplicitous convictions). Finally, even were we to find an abuse of discretion, the error would be harmless in light of the strength of the evidence of guilt in this case.

DeLoach next argues that based upon the small amount of cocaine found on him as well as the absence of standard dealer paraphernalia,

3

insufficient evidence exists to sustain his conviction for possession of cocaine with intent to distribute. DeLoach argues that the drugs were solely for personal consumption, and that the Government failed to prove intent to distribute. We disagree.

At trial, the jury heard evidence that DeLoach was traveling under an alias, was found with cocaine that would have retailed in Virginia for $1000 to $1200, was traveling from a supply state to a demand state, showed no physical signs of consumption or addiction, and lacked any gainful employment that would have allowed him to pay for the quantity of cocaine he possessed. When viewing this evidence, as we must, in the light most favorable to the Government, see Glasser v. United States, 315 U.S. 60, 80 (1942), we find that a rational juror could have found beyond a reasonable doubt that DeLoach intended to distribute the cocaine.

DeLoach next argues that the district court erred by permitting Irving Moran and J.J. Riani to give expert testimony. DeLoach argues that the Government failed to provide summaries of their testimony as required by Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure, and that the court erroneously permitted Riani to offer lay opinion testimony as to matters requiring him to be qualified as an expert.

The decision whether to impose a sanction for violations of Rule 16(a)(1)(E) rests with the district court's discretion. See United States v. Jackson, 51 F.3d 646, 651-52 (7th Cir. 1995). The sanction of exclusion of testimony, however, "is almost never imposed" absent a constitutional violation or statutory authority for the exclusion. See United States v. Charley, 189 F.3d 1251, 1262 (10th Cir. 1999), cert. denied, 120 S. Ct. 842 (2000). Even where there has been an abuse of discretion, reversal is inappropriate unless the defendant establishes prejudice by demonstrating that it is likely that had the Government complied with the discovery rule (not had the evidence been suppressed), the verdict would have been different. See United States v. Figueroa-Lopez, 125 F.3d 1241, 1247 (9th Cir. 1997).

Initially, DeLoach fails to establish that the district court abused its discretion by permitting Moran and Riani to testify. DeLoach never alleged that he was surprised by the Government's witnesses or the

4

content of their testimony; in fact, the record shows that the Government provided DeLoach with oral summaries by telephone. Moreover, even assuming the erroneous admission of Moran's and Riani's testimony, DeLoach cannot establish prejudice. DeLoach at no time prior to trial complained to the Government or the court that the oral summary was inadequate. Such failure undercuts any claims of prejudice. See United States v. Ortega, 150 F.3d 937, 943-44 (8th Cir. 1998), cert. denied, 119 S. Ct. 837 (1999).

Regarding Riani's testimony, we find that even if the court erred by admitting it as lay testimony, the error was harmless because Riani could have been certified as an expert under Rule 702. See Figueroa-Lopez, 125 F.3d at 1247 (holding that expert testimony erroneously allowed under Rule 701 was harmless error despite failure to go through usual process for qualifying expert testimony because witness gave extensive and detailed explanation of his experience). Riani outlined his extensive experience working in drug interdiction, and was clearly qualified to deliver expert testimony concerning the drug trade.

Finally, we reject DeLoach's challenges to the admission of a certificate of analysis from the state crime laboratory that analyzed the drugs found on his person at the time of his arrest, and to the admission of the drugs themselves. Even assuming that the district court erred by admitting the laboratory report as a business record, any error was harmless as it could have been admitted under the residual hearsay exception of Rule 807. See United States v. Simmons, 773 F.2d 1455, 1458-59 (4th Cir. 1985). Moreover, because the certificate identified the drugs DeLoach was carrying as cocaine, there was adequate foundation for admission of the drugs themselves.

Accordingly, we affirm DeLoach's conviction on all counts. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5