**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4071**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANDRE GANEOUS,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Irene M. Keeley, District Judge.  (1:09-cr-00056-IMK-JSK-1)

Submitted:  October 22, 2010         Decided:  November 9, 2010

Before DUNCAN, DAVIS, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Martin P. Sheehan, SHEEHAN & NUGENT, PLLC, Wheeling, West Virginia, for Appellant. Betsy C. Jividen, United States Attorney, David E. Godwin, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andre Ganeous was convicted by a federal jury of maiming, in violation of 18 U.S.C. § 114 (2006), and assault with a deadly weapon, in violation of 18 U.S.C. § 113(a)(3) (2006). The district court sentenced Ganeous to sixty-three months of imprisonment for each count, to run concurrently, and Ganeous now appeals. Finding no error, we affirm.

Ganeous argues that his convictions violated the prohibition against double jeopardy because the indictment was multiplicitous, as assault with a deadly weapon is a lesser included offense of maiming. As Ganeous did not raise this issue in the district court, it is reviewed for plain error. See United States v. White, 405 F.3d 208, 215 (4th Cir. 2005). To establish plain error, Ganeous must show that an error occurred, that the error was plain, and that the error affected his substantial rights. See United States v. Olano, 507 U.S. 725, 732 (1993). Even if Ganeous makes this three-part showing, we will not exercise our discretion to correct the error "unless the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks and citation omitted).

The Double Jeopardy Clause of the Fifth Amendment protects criminal defendants from repeated prosecutions for the same offense, Oregon v. Kennedy, 456 U.S. 667, 671 (1982), and

2

from multiple punishments for the same offense. United States v. Martin, 523 F.3d 281, 290 (4th Cir.), cert. denied, 129 S. Ct. 238 (2008). When an indictment has charged multiple statutory offenses based on the same conduct, whether those charges constitute the same offense is determined by reference to whether each charged offense requires proof of some fact that the other does not require. United States v. Goodine, 400 F.3d 202, 207 (4th Cir. 2005); see also United States v. Luskin, 926 F.2d 372, 377 (4th Cir. 1991) (offenses are not identical as long as each "requires proof of an additional fact [which] the other does not") (quoting Blockburger v. United States, 284 U.S. 299, 304 (1932)). A defendant may be convicted of two separate offenses arising from a single act if each charge requires proof of a fact not essential to the other. United States v. Dixon, 509 U.S. 688, 702-12 (1993).

In addition, "two different statutes define the same offense [when] one is a lesser included offense of the other." Rutledge v. United States, 517 U.S. 292, 297 (1996) (internal quotation marks omitted). For an offense to be a lesser included offense, that offense must require no proof beyond that necessary for a conviction on the greater offense. See Illinois v. Vitale, 447 U.S. 410, 417 (1980). We have thoroughly reviewed the record and conclude that assault with a deadly weapon is not a lesser included offense of maiming as each

3

offense requires an element of proof that the other does not. Therefore, Ganeous was not convicted of multiple counts charging the same offense and his double jeopardy rights were not violated by the convictions.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED