**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                      No. 02-4062

GIL CRUZ GUERRERO,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CR-01-52-BO)

Submitted: August 20, 2002

Decided: September 5, 2002

Before WIDENER and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Vaughan S. Winborne, Jr., Raleigh, North Carolina, for Appellant.
Ethan Ainsworth Ontjes, OFFICE OF THE UNITED STATES
ATTORNEY, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Gil Cruz Guerrero pled guilty to one count of possession with intent to distribute 500 grams or more of cocaine, one count of using and carrying a firearm during and in relation to a drug trafficking offense, and one count of interstate travel or transportation in aid of racketeering enterprises. Guerrero's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). Counsel states that there are no meritorious issues for appeal, but raises two contentions on Guerrero's behalf. Guerrero was advised of his right to file a pro se supplemental brief but has not done so.

Counsel first contends that the sixty-month consecutive sentence imposed for the firearm offense violates the proscription against double jeopardy because Guerrero already received a seventy-one month sentence for the same offense behavior in count one for possession of cocaine with intent to distribute. We find no double jeopardy violation and reject this contention. *See United States v. Studifin*, 240 F.3d 415, 418-19 (4th Cir. 2001); *United States v. Luskin*, 926 F.2d 372, 377 (4th Cir. 1991).

Counsel next asserts that Guerrero's rights under the Vienna Convention were violated because he was never informed at the time of arrest of his right to contact the Mexican Consul. As Guerrero cannot demonstrate and the record does not reveal any prejudice resulting from the failure to inform, we find this contention meritless. *Breard v. Greene*, 523 U.S. 371, 377 (1998).

We have examined the entire record in this case in accordance with the requirements of *Anders* and find no meritorious issues for appeal. Accordingly, we affirm Guerrero's convictions and sentences. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. Finally, we dispense with oral argument because the facts and legal contentions

are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*